THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Anthony Briggs, Appellant.
 
 
 

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No.  2012-UP-323 
Submitted May 1, 2012 – Filed May 30, 2012

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A. Franklin-Best,
 of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General
 Salley W. Elliott, and Senior Assistant Attorney General David Spencer, all of Columbia; and Solicitor Barry J.
 Barnette, of Spartanburg, for Respondent.
 
 
 

PER CURIAM: Anthony
 Briggs appeals his conviction of first-degree criminal sexual conduct (CSC)
 with a minor, arguing the trial court erred in denying his motion for a directed
 verdict because his victim never testified that any penetration occurred. 
 Because the State introduced into evidence the victim's statements made during
 the investigative interview indicating the various acts of sexual battery
 Briggs performed on her and because she consistently testified at trial, we affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v. Weston,
 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When
 ruling on a motion for a directed verdict, the trial court is concerned with
 the existence or nonexistence of evidence, not its weight.");id. at 292-93, 625 S.E.2d at 648 (stating an
 appellate court views the evidence and all reasonable inferences in the light
 most favorable to the State when reviewing a denial of a directed verdict and
 must find the case was properly submitted to the jury if any direct evidence or any substantial
 circumstantial evidence reasonably tends to prove the guilt of the accused); S.C. Code Ann. § 16-3-655(A)(1) (Supp. 2011) ("A person is guilty of
 [first-degree CSC with a minor] if . . . the actor engages in sexual battery
 with the victim who is less than eleven years of age."); S.C. Code Ann. §
 16-3-651(h) (2003) ("'Sexual battery' means sexual intercourse,
 cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, of
 any part of a person's body or of any object into the genital or anal openings
 of another person's body . . . ."); State v. Morgan,
 352 S.C. 359, 373, 574 S.E.2d 203, 210 (Ct. App. 2002) ("[T]he sexual
 offense of 'cunnilingus' is complete when the cunnilinguist licks or kisses the
 female genitalia.  Penetration of the vagina is NOT necessary or
 required.").   
AFFIRMED.
WILLIAMS,
 THOMAS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.